IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TONY J. STACEY )
)
v. ) NO. 3:07-1266
)
WILSON COUNTY JUDICIAL )
COMMISSIONER RICHARD )
BROADHEAD, et al. )

TO: Honorable Todd J. Campbell, Chief District Judge

**REPORT AND RECOMMENDATION**

By Order entered December 28, 2007 (Docket Entry No. 5), this civil action was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all pretrial, nondispositive motions, and report and recommendation on any dispositive motions.

The plaintiff filed this action pro se on December 5, 2007, against six defendants. By Order entered December 14, 2007 (Docket Entry No. 3), the Court denied the plaintiff's application to proceed in forma pauperis and directed that the plaintiff either pay the civil filing fee or resubmit his application to proceed in forma pauperis. The record in the action indicates that the filing fee was paid on December 20, 2007.

On May 5, 2008, the Magistrate Judge entered a Report and Recommendation (Docket Entry No. 6) recommending that the action be dismissed under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure because process had not been effected upon the defendants and no activity had occurred in the action subsequent to the Order entered December 28, 2007. The plaintiff responded

with an objection (Docket Entry No. 8), in which he requested an additional 180 days to serve process on the defendants.

By Order entered May 15, 2008 (Docket Entry No. 9), the Court rejected the Report and Recommendation and provided the plaintiff with sixty (60) days in which to accomplish service on the defendants in accordance with the Federal Rules of Civil Procedure. The Court specifically warned the plaintiff that failure to comply with the Order might result in his action being dismissed.

The record in the action shows that the defendants still have not been served with process. Further, the record shows that no activity has occurred since the May 15, 2008, Order was entered.

Accordingly, the Court recommends that this action be dismissed. The defendants have not been served with process within 120 days of the date this action was filed as required by Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "shall dismiss" the action without prejudice.

Furthermore, it is well settled that federal trial courts have the inherent power to manage their own dockets. <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. <u>Carter v. City of Memphis, Tennessee</u>, 636 F.2d 159, 161 (6th Cir. 1980). The lack of any activity in the action whatsoever on the part of the plaintiff since entry of the May 15, 2008 Order indicates that he has lost interest in pursuing the action.

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    _____
    JULIET GRIFFIN
    United States Magistrate Judge